**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James R. TILTON, Defendant-Appellant.**

No. 82–3550.

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1983.

Decided Aug. 8, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 29, 1983.

---

---

J. Boyd Binning, Columbus, Ohio, for defendant-appellant.

Richard D. Letts, Asst. U.S. Atty., Columbus, Ohio, for plaintiff-appellee.

Before JONES and WELLFORD, Circuit Judges, and DeMASCIO, District Judge.*

PER CURIAM.

On July 22, 1982, the defendant-appellant, James R. Tilton, was convicted of armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Following the jury verdict and a presentence report, the trial judge sentenced the appellant to a period of 25 years' imprisonment.

On appeal, the appellant asserts the following grounds for reversal:

1. The district court abused its discretion and ultimately deprived him of a fair trial by actively and excessively injecting himself into the conduct of the trial.

2. The trial court abused its discretion and ultimately denied the defendant a fair trial by admitting identification testimony indicating that his brother was one of the participants in the robbery.

3. The evidence presented by the prosecution was insufficient to support a finding of guilt "beyond a reasonable doubt."

For the reasons detailed below, we are convinced that these allegations of error are insufficient, whether taken alone or in conjunction, to warrant reversal. Accordingly, the appellant's conviction must be affirmed.

 There is no doubt that the district judge actively injected himself into the conduct of the appellant's trial. From the transcript it is clear that Judge Kinneary interrupted counsel some 28 times through the course of this relatively short proceeding. In addition, it appears that his questioning of the witnesses went beyond that generally expected of one who is to take on the role of a neutral arbiter. While we are convinced that the trial judge's behavior was far from desirable, United States v. Ball, 428 F.2d 26, 30 (6th Cir.1970); United States v. Carabbia, 381 F.2d 133, 139 (6th Cir.1967) and are unwilling to condone it, we are also unable to say that it so clearly crossed the line to reach that area of impermissible and prejudicial behavior which would warrant reversal of the appellant's conviction.[1] This is so principally because the interruptions appeared to go in both directions, affecting the defendant and the prosecution.[2]

 A review of the many cases in this Circuit addressing the issue reveals that this Court has cautiously attempted to balance the right of a defendant to a fair and impartial trial with the recognition that the trial judge in federal court is more than a mere arbiter. Compare United States v. Hickman, 592 F.2d 931 (6th Cir.1979) and United States v. Frazier, 584 F.2d 790 (6th Cir.1978); United States v. Carabbia, supra; Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir.), cert. denied, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956). While potential prejudice lurks behind every intrusion into a trial made by a presiding judge, United States v. Hickman, 592 F.2d at 933, a trial judge remains under a duty to conduct the trial in an orderly fashion, to insure that the issues are not obscured and to act at all times with a view toward eliciting the truth. United States v. Carabbia, 381 F.2d at 139. We recognize the Hobson's choice which would be presented to trial judges if we were to ostensibly require that this duty be met while, at the same time, reversing in every case in which any injection into the trial occurs. See Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933).

---

* The Honorable Robert E. DeMascio, United States District Court for the Eastern District of Michigan, sitting by designation.

1. In United States v. Frazier, 584 F.2d 790 (6th Cir.1978), this Court was also asked to review Judge Kinneary's trial activities. There, we characterized his conduct as that of an experienced trial judge who requires meticulous observance to court rules. Id. at 793. The facts in the instant case are more troublesome, however, and require the thorough study of the record made by this panel.

2. While the transcript does reflect that the prosecution was hampered by the interruptions to a lesser extent than was the defense, we believe that the degree of balancing done here was sufficient to avoid undue prejudice. Accordingly, we are unconvinced that the trial judge's actions likely indicated the kind of favoritism toward the prosecution which could have swayed the jury's verdict.

Therefore, while this Court will readily reverse a conviction where there is a reasonable possibility that the trial judge's conduct has affected the jury's verdict, we remain cognizant of the difficult, not entirely clearcut balance we ask trial judges to maintain. Accordingly, the conduct of the trial court must be egregious, and fairly capable of characterization as beyond that necessary to fulfill the role of "governor of the trial for the purpose of assuring its proper conduct and of determining questions of law," if reversal is to be warranted. *Id.* at 469, 53 S.Ct. at 698. *See also United States v. Hickman, supra.*

■ Given the standard upon which we are to review Judge Kinneary's trial conduct, we find, on balance, that reversal of the appellant's conviction is not justified by the record in this case. A trial court's intrusions are not to be measured merely in terms of volume, but are to be viewed with an eye toward their tendency to influence the verdict in the particular case. Hence an appellate court is also to consider the tenor of the interruptions, the extent to which they are directed to one side more than the other, the presence of curative instructions and the nature of the evidence presented at trial. *United States v. Hickman, supra.* While the trial judge here may not have maintained a perfect balance, erring on the side of over-participation in the proceedings before him, there has simply been an insufficient showing of potential prejudice to warrant the conclusion that the jury verdict was tainted.[3]

■ Nor do we believe that the appellant's second allegation of error warrants reversal. At trial, the government introduced testimony indicating that the appellant's brother had been positively identified as a participant in the robbery in question. While the appellant does not contend that the admission of this testimony was wholly irrelevant within the meaning of Rule 401 of the Federal Rules of Evidence, he claims that the evidence was so unduly prejudicial that under the balancing standard of Rule

403 the court erred in failing to exclude it. It is well established that the admission of relevant, potentially prejudicial evidence is placed squarely within the trial court's discretion by virtue of the very terms of Rule 403. *United States v. Brady,* 595 F.2d 359 (6th Cir.1979). In reviewing for an abuse of that discretion, an appellate court must examine the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect. *Id.* at 361. *See also Hamling v. United States,* 418 U.S. 87, 124–25, 94 S.Ct. 2887, 2911–2912, 41 L.Ed.2d 590 (1974).

■ The appellant's defense at trial was based on the claim that he was on a family outing at the time of the robbery and appellant also attacks the credibility of the identifying witnesses. The fact that his brother was positively placed at the scene of the robbery by the very same witnesses is probative of both points. In addition, in light of the other identification evidence placing the appellant at the scene, we are unconvinced that the introduction of this testimony was so unduly prejudicial as to outweigh its probative value. Accordingly, we conclude that the trial court did not abuse its discretion in allowing the introduction of this admittedly relevant testimony.

■ Finally, we are fully satisfied that there is sufficient evidence on the record before us to support the jury's verdict. A jury conviction must be sustained if there is substantial evidence on the record to support it. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). In making this determination, an appellate court must view all the evidence in the light most favorable to the government, resolve all inferences which may reasonably be drawn from the evidence in the government's favor and resolve all conflicts in the testimony in the same way. *United States v. Wolfenbarger,* 426 F.2d 992 (6th Cir. 1970). If, under such a review, there is sufficient competent evidence on the record to justify a rational juror's conclusion that every element of the offense has been es-

---

**3.** See discussion in note 2, *supra.*

tablished beyond a reasonable doubt, the conviction must be affirmed. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *reh. denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).

 A review of the entire record clearly reveals that there was substantial evidence on which to base the jury's verdict. There were four in-court positive identifications made by witnesses who had ample opportunity to view the suspect at the time of the robbery. Each of these witnesses also picked the defendant's picture out of a photo spread soon after the robbery, all positively identifying him as the party who had been stationed near the front door of the bank as a lookout. Coupling this with the bank surveillance photographs of the robber in question and the circumstantial evidence concerning the location and activity of the 1969 silver Dodge Charger with Vermont plates, we are satisfied that the evidence clearly meets the requirements of *Jackson v. Virginia* and that reversal is not justified.

We find that the appellant's allegations of error are insufficient to justify reversal on the record before this Court. Accordingly, the judgment entered by the district court is hereby AFFIRMED.