875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Toni Barlow TURNER, Defendant-Appellant.
 No. 88-6092.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Toni Barlow Turner appeals her conviction for conversion of $990.45 which had come under her control in the course of her employment as a postal clerk. Appellant argues the evidence was insufficient to permit a reasonable jury to convict. We conclude a rational trier of fact could have found appellant guilty beyond a reasonable doubt and accordingly affirm.
 
 
 2
 Appellant was employed as a distribution and relief window clerk. As a window clerk, she was subject to periodic audits. Appellant was audited on June 14, 1987; her drawer was $2.00 short. She was audited again on July 17, 1987. The July audit disclosed a $990.45 shortage. Appellant subsequently consented to a search of her purse by postal inspectors. The inspectors found postal money order receipts totalling $763.92, issued by appellant to herself, some made payable to various creditors of appellant.[1] An employee also testified to observing appellant repay a $10.00 personal debt out of her cash drawer.
 
 
 3
 Appellant maintained that she had paid for the money orders. She explained the shortage by claiming that more than one key may have fit her drawer. However, a "key check" at the facility in early 1987 indicated that none of the employees' keys were interchangeable. On July 23, 1987, another inspection was performed. The inspector found no other key which would open appellant's cash drawer. There was evidence that appellant's stock drawer could be opened by another employee's key.
 
 
 4
 A jury verdict of guilty must be upheld if any rational jury could have found beyond a reasonable doubt that the defendant committed the crime charged. United States v. Mack, 837 F.2d 254, 257 (6th Cir.1988). The appellate court must construe the evidence and draw all reasonable inferences in the light most favorable to the government. United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). We conclude that under this standard the judgment of conviction should be affirmed. It is uncontroverted that defendant could not account for $990.45 left in her care. A rational jury could have disbelieved her testimony that she bought the money orders with her own funds and that someone else took the Postal Service's money in her care using a duplicate key.
 
 
 5
 The judgment of conviction is AFFIRMED.
 
 
 
 [1]
 Appellant violated Postal Service policy by issuing money orders to herself. However, she claims that her former supervisor had permitted her to violate the rule in the past