919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin S. WELLS, Defendant-Appellant.
 No. 90-5480.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin Wells ("defendant") was indicted with three other defendants of aiding and abetting one another in the possession of cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. A jury found defendant guilty, and the District Court sentenced defendant to imprisonment for 41 months. Defendant appeals from the judgment and the sentence, alleging insufficient evidence to convict and an erroneous sentencing determination. For the following reasons, we AFFIRM.
 
 
 2
 On May 25, 1989, officers of the Metro Narcotics Unit in Tennessee raided a house in which drugs were suspected of being stored. The first officer entering the house, Officer Kellerhall, proceeded immediately to the rear of the house and found three people, two in the bedroom and one, defendant, running into the bathroom. Officer Kellerhall observed defendant lunge toward the commode and flush it just before being apprehended. Police officers subsequently recovered from the bottom of the commode a matchbox containing approximately sixteen pieces of rock cocaine. The box was wet but the cocaine had not dissolved. Miscellaneous drug paraphernalia was found throughout the house, including shooter pipes, gram scales, mannitol acetone, cooking materials, matchboxes, runner rods and razor blades.
 
 
 3
 Defendant argues that the evidence presented at trial is insufficient to sustain his conviction. The primary evidence supporting defendant's conviction is Officer Kellerhall's testimony. Officer Kellerhall testified at trial that he did not see defendant in possession of crack cocaine. Nor had he seen defendant place the crack cocaine in the commode. Officer Kellerhall inferred that defendant possessed the crack cocaine found in the commode because defendant ran into the bathroom and flushed the commode just prior to his apprehension. Such speculation, according to defendant, is insufficient to support a conviction.
 
 
 4
 A jury conviction will be sustained if the record contains substantial evidence in support of the verdict. United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). In reviewing the evidence, "an appellate court must view all the evidence in the light most favorable to the government, resolve all inferences which may reasonably be drawn from the evidence in the government's favor and resolve all conflicts in the testimony in the same way." Id. Further, the evidence need not exclude every hypothesis except that of guilt. United States v. Cooper, 577 F.2d 1079, 1085 (6th Cir.), cert. denied, 439 U.S. 868 (1978). In light of the evidence in the record and the standard under which this evidence is reviewed, we are satisfied that the evidence is sufficient to support defendant's conviction.
 
 
 5
 Defendant also asserts that Officer Kellerhall's testimony is insufficient because it lacks credibility. Officer Kellerhall testified before the Grand Jury that he saw defendant throw a matchbox containing cocaine into the commode and flush it. At trial, however, Officer Kellerhall admitted that he did not actually see the matchbox recovered from the commode in defendant's possession. He inferred possession by defendant because of defendant's acts just prior to his apprehension. This inconsistency was brought out during trial and the jury was free to determine the credibility of the witness. "Witness credibility is solely within the province of the jury," United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988), and we will not overturn a conviction on this ground alone.
 
 
 6
 Finally, defendant alleges that the District Court erred in determining his sentence by adding two points to the base offense level for obstruction of justice.[1] The District Court ruled that defendant obstructed justice by attempting to flush the crack cocaine down the commode. Defendant contends that there is insufficient evidence to warrant the increase based on this aggravating factor.
 
 
 7
 A court's factual finding that a defendant obstructed justice will not be overturned on appeal unless it is clearly erroneous. United States v. Cain, 881 F.2d 980, 982 (11th Cir.1989); United States v. Franco-Torres, 869 F.2d 797, 800 (5th Cir.1989). Moreover, contested facts arising in a sentencing proceeding need only be proven by a preponderance of the evidence. United States v. Silverman, 889 F.2d 1531, 1535 (6th Cir.1989). The evidence presented at the presentencing hearing supports the District Court's imposition of the obstruction of justice enhancement.
 
 
 8
 For the foregoing reasons, we AFFIRM defendant's conviction and sentence.
 
 
 
 [1]
 The United States Sentencing Guidelines state:
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by two levels.
 United States Sentencing Commission, Guidelines Manual Sec. 3C1.1 (Nov.1990).