940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Kelvin CARTER, Defendant-Appellant.
 No. 90-6054.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1991.
 
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE,* District Judge.
 PER CURIAM.
 
 
 1
 Kelvin Carter and Robert Paylor were charged by a grand jury with possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (count one). Carter was further charged with carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c) (count two); possession of an unregistered firearm, in violation of 26 U.S.C. Sec. 5861 (count three); and possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g) (count four). Both men were convicted on count one. Carter was acquitted on count two, but convicted on counts three and four. Carter now appeals his conviction on counts three and four, maintaining that the evidence was insufficient for the jury to have found that he possessed the weapon in question. The case was submitted on briefs, without oral argument.
 
 
 2
 * On June 6, 1989, Officers Dobbins and Berryhill of the Memphis Police Department were working undercover, investigating drug crimes. Both officers were riding in a "buy car." They approached the defendants, Carter and Paylor, and a third man, whose identity is unknown, walking together down the street. Dobbins asked Carter to sell him drugs, and Carter told him to get out of the car, because Carter did not serve anyone in a car. Dobbins followed these instructions, and a drug transaction ensued. Dobbins paid Carter twenty dollars for two units of crack. Paylor handed the crack over to Carter, who in turn gave it to Dobbins.
 
 
 3
 When the transaction was completed, Dobbins signalled this fact to the police officers of the supporting "take-down team," who closed in and quickly arrested Paylor. Carter evaded immediate capture and began running down the street. As Carter started to run, Dobbins observed him tugging on his shirt, appearing to try to discard something. Dobbins observed Carter throwing something, although he is not sure what it was. In the meantime, Officer Logan, a member of the take-down team, approached Carter and observed a bulge under Carter's shirt on the right hand side. Logan grabbed Carter from behind and moved him next to a car, where he handcuffed him. Officer Logan then walked back to the point where he initially grabbed Carter and found a sawed-off shotgun lying in the grass. The weapon was a 12-gauge Bayard Arms, manufactured in Belgium.
 
 II
 
 4
 Carter argues that there was insufficient evidence to convict him of possessing a firearm. He makes the following observations about the evidence to support this contention:
 
 
 5
 1. Dobbins testified that he was a cautious police officer and that he tried to see if Carter carried weapons when he approached the defendant to buy drugs.
 
 
 6
 2. Dobbins also testified that he neither heard nor saw a weapon hitting the ground.
 
 
 7
 3. Logan testified that he found the shotgun five feet away from the place where he apprehended Carter.
 
 
 8
 4. Logan did not testify that he saw Carter carrying a shotgun or throwing anything away.
 
 
 9
 5. The shotgun was not loaded, and no shells were found on Carter.
 
 
 10
 A jury conviction must be sustained if there is substantial evidence on the record to support it. United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). In making this determination, an appellate court must view all the evidence in the light most favorable to the government, resolve in favor of the government all inferences which may reasonably be drawn from the evidence, and resolve all conflicts in the testimony in the same way. Ibid. If there is sufficient competent evidence on the record to justify a rational juror's conclusion that every element of the offense has been established beyond a reasonable doubt, the conviction must be affirmed. Id. at 654-46 (citing Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 2792-93, reh. denied, 444 U.S. 890, 100 S.Ct. 195 (1979)).
 
 
 11
 There is nothing in the defendant's arguments which would justify disturbing the jury's verdict in this case. While Dobbins may not have testified that he saw weapons on Carter, he did not testify that he did not see any. His testimony is inconclusive on that point. In addition, Dobbins did testify that he saw Carter throw something away, although he thought the discarded object was drugs. Later, Logan found a shotgun five feet away from the place where he placed Carter in custody. Logan also testified that as he approached Carter, he saw something bulging under his shirt. We believe this evidence sufficient for the jury to infer that Carter threw something away as he attempted to evade capture, and that what he threw away was the shotgun later found by the police.
 
 
 12
 The jury convicted Carter of two counts of gun possession and one count of possession of cocaine with intent to distribute. It acquitted him of carrying a firearm in relation to a drug trafficking crime. Carter maintains that the convictions are inconsistent with the acquittal and asks the court to conclude that the jury's verdict was irrational. Carter's logic is faulty. As his own brief points out, the shotgun found by the police was not loaded. Under such circumstances, the jury could have concluded that Carter possessed the shotgun, but that he did not intend to use it in his drug trafficking. This may not be the result we would have reached, since it apparently ignores the fact that carrying a firearm during a trug trafficking crime is an offense and that even an unloaded weapon might be used to threaten. Nonetheless, this outcome is not contrary to reason.
 
 
 13
 The judgment of conviction is AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation