959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Halbert L. BROWN, Defendant-Appellant.
 No. 91-5679.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before KEITH and SILER, Circuit Judges, and BERTELSMAN, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-appellant, Halbert L. Brown ("Brown"), appeals his jury conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Brown to eighty-five (85) months imprisonment and four years of supervised release. For the reasons set forth below, we AFFIRM the jury conviction and sentence.
 
 I.
 
 2
 On October 12, 1990, Memphis police officers, Carter and Thompson, obtained a search warrant for a red automobile. They located the parked car and maintained surveillance to see who would enter the automobile. The officers observed Brown exit some apartments, get into the vehicle, and drive away. The officers followed the vehicle and called for a uniformed patrol car to assist in the execution of the warrant.
 
 
 3
 Officer Carter testified that, as Brown turned onto Hilton Street in Memphis, Tennessee, they turned on their blue patrol light and siren and stopped the vehicle. As Officers Carter and Thompson exited their car, Brown exited his vehicle, carrying a brown coat, and began running. Officer Carter chased Brown across the property of houses on the street. After the chase had proceeded about twenty-five to thirty yards, Officer Carter observed Brown toss a clear plastic bag with silver colored contents to the ground. Shortly thereafter, Officer Carter observed Brown toss another object to the ground. A short distance later, Officer Carter apprehended Brown and immediately delivered him to the custody of Officer Thompson.
 
 
 4
 Upon retracing the path of the chase, Officer Carter testified that he located a plastic bag containing individually wrapped foil packages of crack cocaine and a beeper approximately where he had seen Brown toss the objects. He also found Brown's coat along the trail. Officer Carter then testified that a narcotics officer later determined that the substance was cocaine, in the amount 10.4 grams and with a street value of approximately $2000.
 
 
 5
 Officer Thompson testified that as they pulled up behind the stopped red automobile, they announced that they were police officers. He then observed Officer Carter chase Brown across the property of various houses on Hilton street. Officer Thompson then testified that, after he secured Brown in his police car, he joined Officer Carter in the search. Officer Carter had already recovered the plastic bag, but together they located the beeper.
 
 
 6
 Defense witnesses, Sheila Patterson and Charles Walker, testified about drug activity in the neighborhood. Ms. Patterson testified that she had seen some individuals selling drugs on the street earlier that day but did not contact the authorities. Mr. Walker testified that he had seen individuals loitering on the street that day but could not determine what they were doing. He speculated that they may have been selling drugs. By offering this proof, the defense attempted to prove that this plastic bag did not belong to Brown; but rather, it was a product of the drug dealing in the area.
 
 
 7
 The jury convicted Brown of possession with intent to distribute cocaine on the basis of the testimony presented. On appeal, Brown asserts that there was not sufficient evidence upon which to base a verdict. We disagree.
 
 II.
 
 8
 A jury must have sufficient evidence of guilt to convict a defendant of the crime charged. See Jackson v. Virginia, 443 U.S. 307, 316 (1978). The prosecution has the burden of proving every element of the offense charged. Takacs v. Engle, 768 F.2d 122, 125 (6th Cir.1985). We review a jury verdict by viewing the evidence in the light most favorable to the government. United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). We resolve all inferences from the evidence in favor of the government and determine whether the jury had sufficient evidence upon which to convict the defendant. Id.
 
 A.
 
 9
 The evidence presented at trial was sufficient to establish that Brown possessed the clear plastic bag. The credibility of the witnesses and the weight to be given a witness's testimony is to be decided by the jury. United States v. Schultz, 855 F.2d 1217 (6th Cir.1988). Officer Carter testified that he saw Brown toss a plastic bag with silver contents during the chase and recovered the bag during a search of the area immediately after he apprehended Brown. Officer Carter and Brown were the only two persons in the area where the entire episode occurred Officer Thompson's testimony corroborated the chain of events which led to the discovery of the plastic bag. The defense attempted to counter this testimony with witnesses who testified to possible drug activity in the neighborhood earlier on that day and by positing the inference that the narcotics may have been left there by other drug dealers.
 
 
 10
 The jury could have determined that the officers' testimony was more credible than that of the defense witnesses. Furthermore, the jury could reasonably have inferred that Brown possessed the cocaine from the chain of events to which the officers testified. Accordingly, the evidence supports the element of possession.
 
 B.
 
 11
 The intent to distribute may be inferred from the quantity of cocaine seized. United States v. Franklin, 728 F.2d 994, 998 (6th Cir.1984). The cocaine was individually wrapped in silver aluminum foil and had a street value of $2000. Accordingly, the jury had ample evidence from which to infer that Brown had the requisite intent to distribute.
 
 
 12
 For the foregoing reasons, we AFFIRM the jury conviction and sentence of the Honorable Jerome Turner, United States District Judge for the Western District of Tennessee.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation