966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven D. STEWART, Defendant-Appellant.
 No. 92-4131.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Steven D. Stewart appeals his guilty plea to possession with intent to distribute cocaine base within 1,000 feet of an elementary school and carrying a firearm in relation to a drug trafficking offense. For the reasons to follow, we AFFIRM.
 
 I.
 
 2
 In March 1991, Detective Michael Kididis of the Columbus Police Department investigated defendant. A private investigative agency had been hired by defendant's employer to investigate its employees, and Detective Kididis worked with a private investigator to attempt to make controlled purchases of cocaine from defendant at his residence, 2499 Fairwood Avenue. The investigator made two purchases of crack cocaine, on March 6 and 7, 1991.
 
 
 3
 Based on these purchases, Detective Kididis obtained a search warrant for defendant's residence. Prior to executing the warrant, the police had information that the front door of the house was barricaded by furniture and that dogs were inside the house. Detective Kididis testified that the police also believed that weapons would likely be present in the house.
 
 
 4
 The Columbus SWAT team entered the house on March 7th. Officer James Scanlon testified that he knocked on a breezeway door and loudly yelled "police, search warrant." After waiting about five seconds, Officer Scanlon opened the unlocked door and proceeded into the breezeway. Officer Scanlon knocked on the main door into the house and heard people inside. After waiting about seven seconds, he tried the door, found it locked, and stepped aside while Officer Ronald Jacobs forced open the door with a battering ram. Officers Scanlon and Jacobs testified that it was approximately fifteen seconds from the time the officers knocked on the first door to the time they entered the house. Once inside, the officers secured the four people in the house, including defendant.
 
 
 5
 Defendant was charged with distribution of cocaine base within 1,000 feet of an elementary school, possession with intent to distribute cocaine base, cocaine and marijuana within 1,000 feet of an elementary school, and carrying a firearm in relation to a drug trafficking offense. Defendant filed a motion to suppress evidence, and the District Court held a suppression hearing on July 9, 1991. On July 19, 1991 the District Court denied the motion to suppress, and defendant entered conditional guilty pleas to possession with intent to distribute over 5 grams of cocaine base within 1,000 feet of an elementary school and carrying a firearm in relation to a drug trafficking offense. Defendant appeals his guilty pleas. He alleges that the conduct of the judge at his suppression hearing violated his due process rights, and that the police officers failed to knock and announce themselves in violation of 18 U.S.C. § 3109.
 
 II.
 
 6
 Defendant argues that he was denied a fair hearing because the district judge lacked objectivity during the suppression hearing. Review of the record shows that the district judge pushed defendant's counsel to move through his cross-examination of Officer Scanlon and invited the prosecutor to object to certain questions during this cross-examination. Defendant also complains that the district judge did not permit defendant's counsel to call Sergeant Glover as a witness. There was a bench conference held off the record regarding Sergeant Glover's testimony, and therefore the district judge's reason for refusing to permit Sergeant Glover's testimony does not appear on the record. At the conclusion of the bench conference the Assistant United States Attorney pointed out that Sergeant Glover had not been subpoenaed, that he had been present the previous hearing day and that defendant had not indicated that he needed Sergeant Glover to return. Defendant's counsel put his objection to not being permitted to examine Sergeant Glover on the record, but did not state what testimony Sergeant Glover would give or why his testimony was necessary. At oral argument defendant's counsel suggested that he could have asked whether Sergeant Glover, who may have briefed the SWAT team, had in fact told them that guns may have been present in the house. We do not see how Sergeant Glover's testimony would have affected the hearing. Even if Sergeant Glover testified that he had not informed the SWAT team that guns were in the house, it would have been reasonable for the SWAT team to believe that guns were present in a house where drugs were sold. Whether guns were present may have been relevant to the speed with which the police entered the house. Given that the police had a search warrant, the burden is on defendant to show that the warrant was not properly executed. Viewing the record of the suppression hearing as whole, including defendant's testimony and the testimony of defendant's brother, we cannot say that the district judge's conduct was egregious or prevented defendant from receiving a fair hearing. We find that the district judge was within his role as "governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." United States v. Tilton, 714 F.2d 642 (6th Cir.1983) (quoting Quercia v. United States, 289 U.S. 466, 469 (1933)).
 
 III.
 
 7
 Defendant argues that his motion to suppress should have been granted because the police officers failed to comply with 18 U.S.C. § 3109, which requires an officer to announce himself and be refused entry before breaking into a house. The District Court found that the officers had complied with section 3109, and that even if the officers failed to comply, there were exigent circumstances that justified such noncompliance.
 
 
 8
 Officers Scanlon and Jacobs testified that Officer Scanlon yelled "police, search warrant" very loudly prior to going through both doors. The evidence contrary to this testimony was the testimony of defendant and his brother. Defendant testified he did not hear the officers knocking or yelling, but the television was on and the four men in the house were talking. Defendant's brother testified that the first noise he heard was the officers breaking into the house, but later testified he heard the officers yell at about the same time as they broke in. The District Court accepted the testimony of the officers. We conclude that the District Court's finding that the officers knocked and announced themselves was not clearly erroneous. Thus, the officers have not violated section 3109.
 
 
 9
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation