972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cordell T. SWAIN, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 92-5187.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1992.
 
 Before ROYCE F. MARTIN, Jr. and SILER, Circuit Judges, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Tracy Swain was convicted and sentenced for possession and intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and for possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). Swain appeals only the section 924(c) conviction, arguing that he carried the gun for protection and not in furtherance of his drug activity. For the following reasons we affirm.
 
 
 2
 Swain is a gay transvestite. Several witnesses testified that Swain has, on various occasions, been beaten or otherwise harassed for his sexual orientation and lifestyle. A month prior to his purchase of the gun in question, he was assaulted and injured to such a degree that he required stitches. Swain did not display the gun during or after the drug transaction. At the time of his arrest, Swain wore no visible female clothing. As a consequence of his conviction on the gun charge, in addition to the cocaine distribution charge, Swain was sentenced to a total of eighty-one months in prison. On appeal, Swain argues that the gun he possessed at the time of the drug transaction played no role in his activities related to the sale of cocaine and so the trial court erred in convicting him under 18 U.S.C. § 924(c).
 
 
 3
 As the appeal has been developed, we must determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found these central elements of the crime beyond a reasonable doubt.' " See United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). A guilty verdict may be predicated solely on circumstantial evidence and the evidence need not eliminate every reasonable hypothesis except that of guilt. See Ellzey, 874 F.2d at 328; see also United States v. Stone, 748 F.2d 361, 362 (6th Cir.1984).
 
 
 4
 We construe broadly the use of the terms "carried" and "used" in 18 U.S.C. § 924(c). See United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.1989). Our focus is on the totality of the circumstances and not simply the subjective intent of the defendant in carrying the firearm. United States v. Brown, 915 F.2d 219, 226 (6th Cir.1990). In Brown, we found it was unnecessary to show a defendant displayed or brandished the firearm; even a concealed firearm may be deemed to have been used in relation to the crime, for the purposes of section 924(c). A firearm can be carried in relation to a drug trafficking crime even if the facilitation of that crime was not the sole purpose for the carrying of the firearm.
 
 
 5
 Swain's claim that he felt compelled to carry a gun to protect himself is, sadly enough, all too believable. We live in a world where one's lifestyle, when not in keeping with societal "norms," may often provoke unreasonable and even life-threatening responses from others. Nonetheless, even acknowledging the credibility of Mr. Swain's claim as to his subjective intent with carrying the gun, the propriety of the lower court's finding that the gun was used in furtherance of a drug trafficking offense is not mitigated. It is not unreasonable from the facts here for the court to have found that the defendant was carrying the gun in relation to his drug activity even though we might also believe the defendant carried the gun to protect himself based on his lifestyle. See Ellzey, 874 F.2d at 328; see also United States v. Stone, 748 F.2d 361, 362 (6th Cir.1984). Our examination must be based on the totality of the circumstances and not merely a subjective examination of Swain's intent. Swain was not visibly dressed in women's clothing at the time of the drug deal. Conceivably, Swain's personal fears, which led him to carry a gun, might remain whether or not he was publicly attired as a woman. Nonetheless, the district court did not err in concluding that Swain carried the gun in furtherance of his drug activity. Swain testified at trial that, "if backed up into a corner, something like that, and there aint no way out, I probably would have used [the gun]." The gun's presence, then, was clearly such that it would be used by Swain in any situation in which he could possibly become "backed into a corner." Because a drug transaction falls into the category of circumstances in which Swain could very conceivably be "backed into a corner," the district court did not err in finding the gun was used in furtherance of Swain's criminal activity, in violation of 18 U.S.C. § 924(c).
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation