21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence HOUSTON, Defendant-Appellant.
 No. 93-5477.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1994.
 
 Before: KEITH AND MARTIN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lawrence Houston was indicted by a federal grand jury on charges of possessing with intent to distribute cocaine base, and carrying and using a firearm during and in relation to a drug trafficking crime. After a jury trial, Houston was acquitted of these charges but was convicted of the lesser included charge of possessing more than five grams of cocaine base. Houston now appeals, asserting that the evidence presented at trial was insufficient to support his conviction. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On July 31, 1992, Officer William Kohl of the Memphis, Tennessee Police Department was on patrol in his squad car when he heard a radio report of gunfire in the Dixie Homes housing project. Upon driving into the housing complex at about 7:30 p.m., Kohl observed two men, one of whom was armed with a sawed-off shotgun, standing against the side of a building about one hundred feet from his car. The men fled after seeing the police car, and Kohl gave chase on foot. After losing them during the chase, Kohl returned to his car, where he heard another radio report that two men, one of them armed, had been seen entering an apartment at 233 Decatur Avenue. Five other Memphis police officers who had also heard this radio report arrived at the apartment before Kohl, and obtained the owner's permission to conduct a search. These officers found Lawrence Houston, Tony Houston, and William Oesly inside the apartment. Tony Houston, also called "little Lawrence," is Lawrence Houston's younger brother, and was a juvenile at the time these events occurred.
 
 
 3
 Officer Timothy Sims, one of the first police officers to enter the apartment, testified at trial that he saw Lawrence Houston use his right hand to pass a plastic bag, containing what appeared to be rock cocaine, to Tony Houston. According to Sims, Tony then dropped the bag to the floor, and pushed it towards the wall with his foot. None of the other officers observed these actions. After taking both brothers into custody, the officers recovered the plastic bag from a spot two or three feet away against the wall. The bag was later determined to contain 7.9 grams of cocaine base. The officers searched Lawrence Houston and found eight hundred and seventy-five dollars, wrapped in a bundle with a rubber band, in his waistband. A loaded, sawed-off shotgun was also recovered from between the mattresses of a bed in the apartment. At about this time, Officer Kohl arrived at the apartment and identified Lawrence Houston as the man he had seen earlier carrying a sawed-off shotgun.
 
 
 4
 On August 20, a federal grand jury for the Western District of Tennessee returned a two-count indictment against Lawrence Houston. Count One of the indictment charged Houston with possessing with the intent to distribute 7.9 grams of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). Count Two charged Houston with carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). A jury trial on these charges began on February 1, 1993. At trial, there was conflicting testimony from the officers, William Oesly, and Tony Houston regarding the relative positions of Tony and Lawrence in the apartment when the officers entered. Defense counsel attempted to establish that Lawrence Houston would have had to use his left hand, given his position in the apartment, in order to pass the plastic bag to Tony. Further, uncontradicted testimony established that Lawrence Houston had a cut on his left hand at the time, and was wearing a large bandage on that hand when he was arrested. Finally, Tony Houston testified that the cocaine, money, and shotgun belonged to him, and not Lawrence. The jury subsequently acquitted Lawrence Houston of both counts of the indictment, but convicted him on the lesser included charge, under Count One, of possessing more than five grams of cocaine base. This timely appeal followed.
 
 
 5
 Houston's sole argument is that there was insufficient evidence to support his conviction. The standard of review for a claim of insufficient evidence, in a criminal case, is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In the present case, Officer Sims testified that Lawrence Houston was in actual possession of the plastic bag containing the cocaine base. Although Tony Houston testified that he, and not Lawrence, possessed the bag, we are required to resolve all conflicts in the testimony, insofar as it is reasonable to do so, in the government's favor. United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983); see also United States v. Vinson, 606 F.2d 149, 154 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980) (fact that jury believed government witnesses instead of defense witnesses not a basis for reversal). Officer Sims' testimony, in combination with the test results showing that the plastic bag contained cocaine, is sufficient under these standards to support Lawrence Houston's conviction. As the evidence was sufficient to show actual possession of the cocaine by Lawrence Houston, we do not reach the alternate issues of constructive or joint possession raised in Houston's brief.
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed.