47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth SCOTT, Defendant-Appellant.
 No. 94-3177.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1995.
 
 Before: NELSON and NORRIS, Circuit Judges, and BELL, District Judge.[1]
 PER CURIAM.
 
 
 1
 A jury found the defendant, Kenneth W. Scott, guilty on charges of making a false statement to a firearms dealer and being a felon in possession of a firearm. Judgement was entered accordingly. The defendant contends on appeal that the evidence against him was insufficient to support the verdict. We find the evidence more than sufficient, and we shall therefore affirm the judgment.
 
 I.
 
 2
 In 1983 Kenneth Scott was convicted in a Florida court of carnal intercourse in violation of Fla.Stat. Ch. 794.05. In 1984 he was convicted in an Ohio court of breaking and entering in violation of Ohio Rev.Code 2911.12(A). Both of these offenses carried penalties of incarceration for a period exceeding one year.
 
 
 3
 On two occasions in 1991, the evidence showed, a man identified as Scott purchased a handgun from a federally licensed firearms dealer. Each time the purchaser certified that he had never been convicted of a crime for which the maximum sentence of imprisonment would exceed one year.
 
 
 4
 A grand jury handed up an indictment charging Mr. Scott with two counts of making a false statement to a firearms dealer in violation of 18 U.S.C. Sec. 922(a)(6) and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). When the case went to trial the government presented testimony by a handwriting expert to the effect that the individual who signed "Ken Scott" on the gun-purchase forms and sales receipts was the same person who had signed several papers relating to the Florida and Ohio convictions. Testimony was presented by a fingerprint expert to the effect that Scott's prints matched with those of the person who had been convicted of the Florida and Ohio felonies. Evidence was also presented to show that the number of the driver's license issued to the defendant was the same number that appeared on the gun-purchase forms.
 
 
 5
 The jury returned a verdict of guilty on all four counts. The district court imposed sentences of imprisonment for 60 months on the false statement count and 87 months on the possession count, the sentences to run concurrently with each other but consecutive to a state sentence that Scott was serving at the time.
 
 II.
 
 6
 Our task here is to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We are to "resolve all inferences which may be reasonably drawn from the evidence in the government's favor and resolve all conflicts in the testimony the same way." United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983).
 
 
 7
 The "standard of review is the same whether [the] evidence reviewed is direct or circumstantial." United States v. Seltzer, 794 F.2d 1114, 1119 (6th Cir.1986), cert. denied, 479 U.S. 1054 (1987). The fact that the evidence against Scott was circumstantial does not mean that it was insufficient. The unrefuted fingerprint evidence, handwriting evidence and driver's license evidence provided ample support for the jury's finding that it was Scott who bought the guns and that he was the same man who had previously been convicted of felonies in Florida and Ohio.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation