67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Michael THOMAS, Defendant-Appellant.
 No. 94-2401.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 On December 16, 1993, David Michael Thomas was indicted by a federal grand jury on one count of illegal possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g) and one count of possession of an unregistered shotgun with a barrel length of less than eighteen inches, in violation of 26 U.S.C. Sec. 5861(d). Following a two-day jury trial in July of 1994, Thomas was convicted on both counts. Later that year, he was sentenced to concurrent prison terms of eight years. Thomas filed a timely notice of appeal.
 
 
 2
 On appeal, Thomas claims that there was insufficient evidence to show that he knew that the shotgun barrel at issue was less than eighteen inches, which would require a reversal of his conviction for possession of an unregistered firearm. He also argues that his sentence fails to reflect properly his acceptance of responsibility for possession of the shotgun. Thomas does not challenge his conviction on count one.
 
 
 3
 In the winter of 1992, Thomas and a friend, Joe Green, helped Mike "Dweeb" Bagyski move his belongings into Thomas' apartment. Among Bagyski's possessions was a shotgun with a barrel that was sawed off sometime during the next several months by Thomas and Bagyski. In May or June of 1993, Thomas moved into an apartment in Walenda Green's residence. During that time, Thomas lived with Walenda's son, Joe Green, and kept the sawed-off shotgun under a couch in the apartment.
 
 
 4
 After only three weeks, Thomas vacated the premises at Green's request, but left his possessions behind. When Walenda Green was unsuccessful in having Thomas remove his belongings, she moved his couch and discovered the shotgun. Knowing that possession of such a firearm was illegal, Walenda Green turned it in to the police. The police delivered the weapon to the federal Bureau of Alcohol, Tobacco and Firearms (ATF). An ATF agent determined that the shotgun worked, and that the barrel was only sixteen and one-half inches long. ATF agents also determined that Thomas had a prior felonious assault conviction and took him into custody. At the time of his arrest, Thomas admitted witnessing Bagyski saw the barrel off, and to possessing the gun between January and July of 1993.
 
 
 5
 Thomas now argues that there was insufficient evidence for the jury to convict him of possession of an unregistered firearm. Under 26 U.S.C. Sec. 5861(d), it is unlawful to possess a firearm that is not registered in the National Firearms Registration and Transfer Record. A firearm includes "a shotgun having a barrel of less than 18 inches in length." 26 U.S.C. Sec. 5845(a)(1).
 
 
 6
 To obtain a conviction under Section 5861(d), the United States must prove that a defendant "knew of the features of his [weapon] that brought it within the scope of the Act." Staples v. United States, 114 S.Ct. 1793, 1804 (1994). Thus, the Supreme Court has read into this statute a mens rea element. As the Court stated, silence "does not suggest that Congress dispensed with mens rea for the element ... at issue here." Id. at 1804. Following Staples, the district court in this case instructed the jury that Thomas' knowledge of the length of the shotgun's barrel was an element of the offense to be proven beyond a reasonable doubt.
 
 
 7
 Thomas argues that the evidence presented at trial was insufficient to support his conviction on count two because the United States failed to show that he knew the barrel was less than eighteen inches long. In support of his claim that he could not have known what the barrel's length was without measuring it himself, Thomas points to the fact that an ATF agent testified to an inability to tell the precise length of the barrel without measuring it. Thomas argues that his presence alone during the sawing off of the barrel was insufficient to prove, beyond a reasonable doubt, that he knew the barrel was unlawfully short.
 
 
 8
 The fact that the United States is required to prove Thomas' knowledge as an element of the offense, however, does not mean that it is restricted to using only direct evidence to prove its case. Circumstantial evidence may also be used, either in whole or in part, to support a jury's decision. This Court has long held that a guilty verdict can be sustained by "circumstantial evidence alone." United States v. Peters, 15 F.3d 540, 544 (6th Cir.1994). In determining whether evidence is sufficient to support a guilty verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt." United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A conviction must be affirmed by the appellate court where there is "sufficient competent evidence on the record to justify a rational juror's conclusion that every element of the offense has been established beyond a reasonable doubt." United States v. Tilton, 714 F.2d 642, 645-46 (6th Cir.1983).
 
 
 9
 The record shows that the United States presented sufficient circumstantial evidence to enable a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. In particular, Thomas admitted to being present while the gun was being shortened, and of possessing the shotgun knowing he was a felon. Therefore, Thomas' challenge to the sufficiency of the evidence for his conviction on charge two fails.
 
 
 10
 Thomas' second argument on appeal is that the district court improperly failed to credit him with a two-level reduction for acceptance of responsibility under USSG Sec. 3E1.1 in the sentencing determination. That section states that a defendant can qualify for a two-level offense level reduction if he "clearly demonstrates acceptance of responsibility for his offense." USSG Sec. 3E1.1(a).
 
 
 11
 The commentary to Section 3E1.1 also indicates that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," thus entitling the judge to great deference on review. For that reason, review of a district court's decision to deny a sentencing reduction for acceptance of responsibility involves application of a clearly erroneous standard. United States v. Hernandez, 31 F.3d 354, 361 (6th Cir.1994). This standard "will nearly always sustain the judgment of the district court in this area" due to the credibility assessments necessarily made by the trial court. Id. at 361 (quoting United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989)).
 
 
 12
 In support of his claim, Thomas emphasizes that, at the time of his arrest, he made a statement to the ATF indicating that he witnessed the owner of the shotgun sawing it down, and that he had been in possession of the shotgun. In addition, Thomas also claims that he was denied the appropriate reduction because he exercised his right to go to trial.
 
 
 13
 The trial judge acted within his sound discretion in denying a two-level reduction for an acceptance of responsibility. The district court's conclusion that Thomas was not truly remorseful and should not receive the base offense level reduction is supported by the record and is not clearly erroneous. Factors taken into account by the trial court were that Thomas did not admit to participating in the sawing off of the shotgun or to displaying it as his own while it was in his possession; Thomas contested his factual guilt at trial; and Thomas was arrested while out on bond for "macing" an undercover officer with whom he had been negotiating a purchase of marijuana. In addition, there is no indication that Thomas' admission at the time of his arrest was improperly discounted in order to penalize him for exercising his right to go to trial.
 
 
 14
 For the foregoing reasons, we AFFIRM Thomas' conviction on count two and the sentence imposed by the district court.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation