74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell L. GREENWOOD, Defendant-Appellant.
 No. 94-2141.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Russell Greenwood appeals his conviction and sentence for bankruptcy fraud on the grounds that the district court committed reversible error in denying his motion for judgment of acquittal and in increasing his offense level by two levels for more than minimal planning under the sentencing guidelines. In addition, Greenwood claims that the trial court abused its discretion in denying his motion in limine to exclude evidence during trial referring to gambling debts he owed.
 
 
 2
 On February 24, 1994, Greenwood was indicted on three counts of bankruptcy fraud in violation of 18 U.S.C. Sec. 152. Count three was dismissed prior to trial. Count one charged Greenwood with concealing assets from a bankruptcy trustee and count two charged him with making material false declarations in a bankruptcy proceeding. Each count had two parts: one relating to a "rebate account" and the other to a "joint account." With regard to the rebate account, Greenwood was charged with failing to disclose on his bankruptcy schedule a rebate account that he maintained as president and sole director of Michigan Brass & Electric (MBE). Although the account was opened in MBE's name, the United States claimed that it was actually the personal property of Greenwood, and that his failure to list the account was fraudulent. A jury found Greenwood guilty on both counts as they related to the rebate account only. Greenwood was ordered to make restitution, and was sentenced on September 22, 1994 to eighteen months of probation on each count, to run concurrently. This timely appeal followed.
 
 
 3
 The issues on appeal relate to: (1) whether the rebate account was a corporate asset of MBE or a personal asset that belonged to Greenwood and was subject to his personal bankruptcy proceedings on the date he signed Schedule B of his bankruptcy petition, and (2) assuming the rebate account was a personal asset, whether Greenwood concealed it from his creditors and the bankruptcy trustee throughout the course of the bankruptcy proceedings.
 
 
 4
 Greenwood first claims that there was insufficient evidence to prove beyond a reasonable doubt that the rebate account was a personal asset, and that the question of whether it was a corporate asset or a personal asset was a legal issue that should have been determined by the court. Alternatively, Greenwood contends that there was insufficient evidence from which the jury could find that the rebate account was an asset of the estate in bankruptcy under count one.
 
 
 5
 To prove a concealment of assets in violation of Section 152, the prosecution is required to prove that, while bankruptcy proceedings were in existence, the defendant fraudulently concealed property belonging to the estate of the debtor from the custodian of the bankruptcy court. 18 U.S.C. Sec. 152(1). The property of a debtor's estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 18 U.S.C. Sec. 541. Although the district judge expressed some concern as to whether the determination of the status of an asset in a bankruptcy case was a matter for the jury's determination, courts have generally assumed that it is a factual matter properly decided by the jury. See generally United States v. Blane, 375 F.2d 249 (6th Cir.1967). The trial court did not commit plain error in submitting the factual determination of whether the rebate account was property of the bankruptcy estate to the jury.
 
 
 6
 With regard to whether the evidence was sufficient to support the jury's guilty verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt." United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A conviction must be affirmed by the appellate court where there is "sufficient competent evidence on the record to justify a rational juror's conclusion that every element of the offense has been established beyond a reasonable doubt." United States v. Tilton, 714 F.2d 642, 645-46 (6th Cir.1983). That evidence may include *circumstantial evidence. United States v. Peters, 15 F.3d 540, 544 (6th Cir.1994).
 
 
 7
 The record shows that the United States presented sufficient evidence to enable a rational trier of fact to find that the account opened by Greenwood three months before he filed for bankruptcy constituted an asset of the estate in bankruptcy. The evidence sufficed to establish that Greenwood converted MBE rebate checks into a personal asset by transferring them to a secret account prior to filing for bankruptcy. Even though the rebate account was opened in his company's name, there was sufficient evidence to conclude that Greenwood created the account for personal purposes, and that he alone exercised control over that account before, while, and after filing for bankruptcy. Greenwood's claim that there was insufficient evidence to prove that the rebate account was a personal asset fails.
 
 
 8
 Greenwood's second argument on appeal is that the trial court improperly increased his offense level by two levels for more than minimal planning under Sec. 2F1.1(b)(2)(A) of the sentencing guidelines. In particular, Greenwood argues that the trial court should have considered only those acts he took in filing the bankruptcy petition and schedules, and that the "repeated acts" relied on by the trial court were not proved by a preponderance of the evidence.
 
 
 9
 A district court's determination that a sentencing enhancement is appropriate for more than minimal planning is reviewed under a clearly erroneous standard. United States v. Griggs, 47 F.3d 827, 830 (6th Cir.1995). In making this determination, a sentencing judge may consider all relevant acts occurring over a period of time. See United States v. Spears, 49 F.3d 1136, 11143 (6th Cir.1995). Factual findings used in a sentence calculation under the guidelines must be supported by a preponderance of the evidence. Id.
 
 
 10
 The record supports the district court's finding of more than minimal planning by a preponderance of the evidence. In electing to adopt the recommendations of the presentence report, the district court referred to Greenwood's acts of opening the rebate account, opening a new post office box, keeping information regarding the rebate account from creditors, writing checks to his wife from the account and putting false descriptions on those checks, and failing to use the money for payment of corporate obligations. The district court's conclusion that Greenwood's activities in opening, hiding, and draining the secret account before and during bankruptcy constituted more than minimal planning will not be disturbed.
 
 
 11
 Greenwood's final argument on appeal is that the district court erroneously denied his motion in limine to exclude evidence that he owed $174,000 (7.5% of the total debt discharged in bankruptcy) to three Las Vegas casinos, as stated on his bankruptcy schedule. Greenwood argues that this evidence was neither relevant nor material, served no probative value, and substantially prejudiced the jury. The United States, by contrast, argues that the bankruptcy petition and schedules were properly admitted as direct evidence of elements of the crimes charged, and that the evidence was probative of Greenwood's motive and intent. Moreover, the government contends that, in light of the careful voir dire of the prospective jurors and the fact that the evidence was only discussed once at trial, there was no prejudicial error in admitting this relevant evidence.
 
 
 12
 This court reviews a district court's evidentiary rulings under an abuse of discretion standard. United States v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990). Furthermore, this Court has consistently held that even if a trial court abuses that discretion, a new trial is not required unless the "substantial rights" of a party are affected. United States v. Bonds, 12 F.3d 540 (6th Cir.1993). There is no indication that the district court abused its discretion in admitting the bankruptcy schedule in its entirety, or that admission of this evidence may have resulted in a decision on an improper basis.
 
 
 13
 For the foregoing reasons, Greenwood's conviction and sentence are AFFIRMED.
 
 
 
 [1]
 The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation